

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2472
Re: Whether Senate Bill
297, 46th Leg., repeals
part of Act creating
Fort Worth Independent
School District relat-
ing to assignment of
wages.

In your letter of June 20, 1940, you direct our attention to H. B. 528, Ch. 230, p. 674, Special Laws, 39th Leg., creating the Fort Worth Independent School District. In Section 33 thereof it is provided that "no assignment of wages shall be binding upon or recognized by said board (of trustees of the district.)" You request our opinion as to whether or not the quoted provision has been repealed by S. B. 297, Ch. 13, at p. 282, General Laws, 46th Legislature, Sections 1 and 2 of which read as follows:

"SECTION 1. Definition - Teacher and School Employee. The terms 'teacher' and 'School employee,' within the provisions of this Act shall be held and deemed to embrace and include any person employed by any Public School System, Independent School District, or Common School District, in this State in an executive, administrative, or clerical capacity, or as a superintendent, principal, teacher, or instructor, and any person employed by a university or college, or other educational institution in an executive, administrative, or clerical capacity, or as a professor, or instructor, or in any similar capacity.

"Sec. 2. An assignment, transfer, pledge or similar instrument executed by any teacher or school employee, wherein any salary or wages, or any in-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

terest therein or part thereof, then due or which may become due to such teacher or school employee under an existing contract of employment, shall be valid, and enforceable, provided that such assignment, transfer or pledge be in writing and acknowledged in the same manner as required for the acknowledgment of a deed or other instrument for registration, and provided further that if such instrument be executed by a married person it shall also be executed and acknowledged by his or her spouse in such manner. Such an assignment, transfer, or pledge shall be valid only to the extent that the indebtedness secured thereby is a valid obligation. Any school district, college, university, or other educational institution, County Superintendent, or any disbursing agent therefor shall be authorized to honor such assignment without being subject to any liability therefor to the teacher or school employee so executing such assignment; and any sum paid to any assignee in accordance with the terms of any such assignment shall be deemed to be a payment to or for the account of such teacher or school employee; but such assignment shall be valid and enforceable only to the extent of any salary which may be due or may become due and earned by such teacher or school employee during the continuance of his or her employment by such school district, college, university, or educational institution."

You will notice that S. B. 297 contains no express reference to the Special Act creating the Fort Worth Independent School District, nor for that matter to special acts in general. There is a large field of operation for S. B. 297, a general statute, without its being made applicable to school districts created by special acts containing contrary provisions such as H. B. 528, 39th Leg., creating the Fort Worth Independent School District.

While a special act is repealed by subsequent legislation which contains an express repealing clause or that otherwise manifests the intention of the Legislature to repeal it, generally the enactment of a general law does not ordinarily operate

as a repeal of a particular or special law, by implication, although both relate to the same subject matter. Westbrook vs. Missouri-Texas land and Irrigation Co., 195 S. W. 1154; Sullivan vs. City of Galveston, 17 S. W. (2d) 478, aff. 34 S. W. (2d) 808; Fortinberry vs. State, 283 S. W. 146, Commission of Appeals; Townsend vs. Terrell, 16 S. W. (2d) 1063, Commission of Appeals; 39 Tex. Jur., p. 149; 59 C. J., p. 913.

The situation presented by the acts under consideration falls squarely within the above general principles and your question must be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED JUL 11, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:KP

